**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BINH LY,

       Petitioner-Appellant,

v.

DAVID McKUNE and STEPHEN N. SIX, Attorney General for the State of Kansas

       Respondents-Appellees.

No. 10-3127
(D.C. No. 5:07-CV-03259-CM)
(D. Kan.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **MURPHY, GORSUCH,** and **HOLMES,** Circuit Judges.

A Kansas jury convicted Binh Ly of felony murder and aggravated burglary. The Kansas Supreme Court upheld the conviction on direct appeal and Mr. Ly then pursued collateral challenges in state court, but to no avail. He next petitioned the district court under 28 U.S.C. § 2254 and, after the district court's denial of relief, now seeks a certificate of appealability ("COA") to challenge the district court's decision.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

* * *

We may issue a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Ly must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). Our inquiry does not require a "full consideration of the factual or legal bases adduced in support of the [applicant's] claims," but, rather, "an overview of the claims . . . and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Because Mr. Ly is a *pro se* litigant, we construe his pleadings and other papers liberally. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Before us, Mr. Ly presses the same eleven claims he put before the district court:[1] four alleging errant rulings by the state trial court, one alleging prosecutorial misconduct during the trial, one alleging insufficiency of evidence to support the conviction, and five alleging various failings by Mr. Ly's trial and

---

[1] Mr. Ly presented a list of eighteen issues in his filings with us, but they are simply restatements or repetitions of the same issues he put before the district court. To the extent he attempts to raise issues not before the district court, we will not consider those new issues. *See Matthews v. Workman*, 577 F.3d 1175, 1188 n.5 (10th Cir. 2009) (declining to consider arguments raised for the first time on appeal).

appellate counsel which he claims render their assistance constitutionally ineffective.

In its thorough seventeen-page opinion, the district court rejected all of Mr. Ly's claims. The district court correctly stated that, under the Anti-Terrorism and Effective Death Penalty Act, it could grant Mr. Ly relief only if the state court's handling of his challenges was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The district court found neither of these circumstances present with regard to any of Mr. Ly's eleven claims.

After independently reviewing the record, we conclude no reasonable jurist could doubt the correctness of the district court's disposition of these claims. We will elaborate on the district's court's reasoning only with regard to one of Mr. Ly's allegations of ineffective assistance of counsel. Mr. Ly contends his trial counsel was ineffective because counsel conceded Mr. Ly's guilt during his closing argument. We have previously recognized that counsel's concession of a client's guilt might establish constitutional ineffectiveness, but "regardless of how one characterizes defense counsel's statements" in this case, "it is clear they do not amount to the types of statements recognized in other cases that have been held to constitute a concession of guilt." *See United States v. Williamson*, 53

F.3d 1500, 1511 (10th Cir. 1995).  Rather, "in light of the entire record," Mr. Ly's counsel "remained a legal advocate of the defendant who acted with undivided allegiance and faithful, devoted service to the defendant."  *Id.* (internal quotation omitted).  Accordingly, and for substantially the same reasons given by the district court, we deny Mr. Ly's application for a COA to pursue his claims further and dismiss his appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge